UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

Case No. 22-cr-20129

v.

HON. MARK A. GOLDSMITH

DACHARLES KNUCKLES,

    Defendant.
_____/

**<ins>OPINION & ORDER</ins>**
**<ins>DENYING DEFENDANT'S EMERGENCY MOTION FOR BOND (Dkt. 20)</ins>**

This matter is before the Court on Defendant Decharles Knuckles's emergency motion for bond (Dkt. 20) so that he may attend his uncle's funeral scheduled to take place tomorrow. For the reasons stated below, the Court denies the motion.

## I. BACKGROUND

Knuckles is charged in a three-count indictment with carjacking, in violation of 18 USC § 2119; brandishing a firearm during and in relation to a carjacking, in violation of 18 USC § 924(c); and felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). Indictment (Dkt. 12). On March 3, 2022, Knuckles was ordered detained pending trial, with the magistrate judge accepting the recommendation of Pretrial Services that Knuckles be detained as a risk of flight and danger to the community. Order of Detention Pending Trial (Dkt. 10). The magistrate judge cited the fact that Knuckles had no suitable third-party custodian, his serious and untreated mental illness, his history of violent behavior and use of weapons, his history of non-compliance on supervision, and the fact that he allegedly committed the charged offenses while on supervision. <ins>Id.</ins>

Knuckles has now filed an emergency motion for temporary release. He seeks to be released from the morning of June 14, 2022 until 4 p.m. that day so that he can attend funeral services for his uncle. Mot. at 2.

The Government filed a response (Dkt. 21), in which it opposes Knuckles's request. The Government contends that, under the four factors of 18 U.S.C. § 3142(g), Knuckles has not overcome the presumption that he should be detained based on the risk of flight and danger that he poses to the community.

In addition, Pretrial Services has stated that—due to Knuckles's alleged involvement in the charged offenses, criminal history, mental health history, non-compliance with previous terms of supervision, violent behavior, and history of weapons possession—it does not concur with Knuckles's request for release, as there is no condition or combination of conditions that would reasonably assure his return to custody or the safety of the community.

## II. DISCUSSION

"If . . . the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial." 18 U.S.C. § 3142(e)(1). To make this determination, a court consults the factors set forth in § 3142(g): (i) the nature and circumstances of the offense charged, (ii) the weight of the evidence against the defendant, (iii) the history and characteristics of the defendant, and (iv) the nature and seriousness of the danger that the defendant's release would pose to any person or the community.

Where—as is the case here—there is probable cause to believe that the defendant committed one of the crimes listed in § 3142(e)(3), it is presumed that no condition or combination of conditions will reasonably assure the appearance of Knuckles as required and the safety of the

community. See United States v. Stone, 608 F.3d 939, 945 (6th Cir. 2010). This presumption is rebuttable through evidence that Knuckles does not pose a danger to the community or a risk of flight. Id. Even if rebutted, the presumption does not disappear entirely; rather, the presumption remains a factor to be considered among those weighed by the district court. Id.

The Court agrees with the Government that Knuckles poses a risk of flight and danger to the community if released on bond—even if for only one day—and it accepts the view of Pretrial Services that there is no condition or combination of conditions that would reasonably assure his return to custody or the safety of the community.

The nature and circumstances of the charged offenses—including armed carjacking, in which Knuckles allegedly threatened to shoot the owner of the car and then led police on a high-speed chase before attempting to flee on foot—weigh against Knuckles's release, as these are serious offenses. Further, Knuckles has a lengthy criminal history, which includes two prior felony convictions in 2019: one for carrying a concealed weapon and one for assaulting, resisting, obstructing a police officer. While he was on probation for these convictions, he incurred four violations of probation, and he was convicted of stalking. Defendant received a three-year probationary sentence for stalking, and he allegedly committed the charged offenses while serving this probationary sentence. Knuckles was also arrested in January 2022 for assault and battery of his significant other. He has prior arrests for felony assault with intent to murder, assault with intent to do great bodily harm less than murder, felony firearm, and domestic violence. In addition, Knuckles has a history of non-appearance, as demonstrated by his warrant based on his failure to appear for traffic offenses. He also faces a significant sentence if convicted.

Given the above, the Court finds (i) that Knuckles has not overcome the presumption that he should be detained and (ii) that there are no bond conditions that can reasonably assure his return

3

to court or the safety of the community. Therefore, it denies Knuckles's motion for temporary release.

### III. CONCLUSION

For the foregoing reasons, the Court denies Knuckles's emergency motion for bond (Dkt. 20).

SO ORDERED.

Dated: June 13, 2022　　　　　　　　　　s/Mark A. Goldsmith
　　　Detroit, Michigan　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　United States District Judge